**Avtar SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–73918.**

United States Court of Appeals, Ninth Circuit.

Submitted June 29, 2010.*

Filed July 7, 2010.

Memorandum Withdrawn Jan. 10, 2011.**

Robert Bradford Jobe, Esquire, Arwen Ann Swink, Esquire, Law Offices of Rob-

ert B. Jobe, San Francisco, CA, for Petitioner.

Mary Jane Candaux, Assistant Director, Michael Christopher Heyse, Trial, Edward Earl Wiggers, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

MEMORANDUM ***

Avtar Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir.2003), and we deny the petition for review.

Substantial evidence supports the agency's finding that, even if Singh established a well-founded fear of persecution, the government established by a preponderance of the evidence that Singh could reasonably relocate within India. *See* 8 C.F.R. § 1208.13(b)(3)(ii); *Sowe v. Mukasey*, 538 F.3d 1281, 1287 (9th Cir.2008) ("The presumption that an asylum applicant has a well-founded fear of persecution can be rebutted ... either by a showing that [t]he applicant could avoid future persecution by relocating to another part of

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Rehearing Granted see 2011 WL 63896.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the applicant's country of nationality.") (citation and internal quotation marks omitted). In addition, substantial evidence also supports the BIA's conclusion that Singh's presumptive well-founded fear was rebutted by changed circumstances in India because the BIA's analysis of the State Department report was sufficiently individualized and its resolution of potentially contradictory statements in the report was rational. *See Gonzalez–Hernandez*, 336 F.3d at 998–99. Accordingly, Singh's asylum and withholding of removal claims fail. *Id.* at 1001 n. 5.

Substantial evidence also supports the agency's denial of CAT relief because Singh failed to demonstrate that it was more likely than not he would be tortured if returned to India. *See Hasan v. Ashcroft*, 380 F.3d 1114, 1122–23 (9th Cir.2004) (denying CAT relief based on the possibility of internal relocation).

**PETITION FOR REVIEW DENIED.**